UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DAVID COWAN,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>BAYDELTA MARITIME, INC., a California Corporation; TIM WESTMAN, and individual, and DOES 1-50, inclusive,<br><br>　　　　Defendants. | Case No: C 10-05346 SBA<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**<br><br>Dkt. 19 |

　　　Plaintiff David Cowan filed the instant employment discrimination action, pursuant to California's Fair Employment and Housing Act ("FEHA"), in state court against his former employer, Baydelta Maritime Inc. ("Baydelta"), and former supervisor, Tim Westman ("Westman"). Defendants removed the action under 28 U.S.C. § 1441(b) on the ground that Plaintiff's employment was governed by a collective bargaining agreement, and as such, his claims are preempted by § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. The parties are presently before the Court on Plaintiff's Motion to Remand. Dkt. 19. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS the motion for the reasons set forth below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## I. BACKGROUND

### A. FACTUAL SUMMARY

In 2009, Plaintiff, an African-American and Native American male, was employed by Baydelta as a deckhand. Compl. ¶ 9, Dkt. 1. Plaintiff's employment at Baydelta was governed by a collective bargaining agreement, styled as a 2007 Agreement By and Between Baydelta Maritime and International Organization of Masters, Mates & Pilots, Pacific Maritime Region ("CBA"). Going Decl. ¶ 2, Dkt. 20. According to Defendants, Plaintiff was a Temporary Employee subject to the terms and conditions of the CBA. Id. ¶¶ 3-4.

During the course of his employment, Plaintiff was subjected to "hurtful comments, slurs, epithets and gestures." Compl. ¶ 11. Plaintiff complained to Baydelta and Weston initially on February 4, 2009, and again on April 20, 2009 and May 15, 2009. Id. ¶¶ 12-13. Allegedly in retaliation for making these complaints, Defendants terminated Plaintiff's employment on May 26, 2009. Id. ¶ 14. Plaintiff filed an administrative complaint with the California Department of Fair Employment and Housing, which issued a right-to-sue letter which received by Plaintiff on October 15, 2009. Id. ¶ 15.

### B. PROCEDURAL HISTORY

On September 30, 2010, Plaintiff filed a complaint against Defendants in state court, alleging four state law causes of action for: (1) race discrimination; (2) failure to prevent discrimination; (3) retaliation; and (4) wrongful termination. All of these claims are based on FEHA. On November 24, 2010, Defendants filed a Notice of Removal in which they alleged that "Plaintiff's claims are either based upon or preempted by federal law, specifically Section 301 of the Labor Management Relations Act[.]" Notice of Removal ¶ 3e, Dkt. 1. Alternatively, Defendants alleged that "the Court has subject matter jurisdiction because this is an admiralty and maritime claim under Fed. R. Civ. P. 9(h) and 28 U.S.C. § 1333." Id. ¶ 4. Plaintiff now moves to remand the action on the ground that his claims are not dependent upon the CBA and are not subject to removal based on admiralty jurisdiction. Dkt. 19.

## II. LEGAL STANDARD

A motion for remand is the proper procedure for challenging a removal. Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. See 28 U.S.C. § 1447(c). "A motion to remand the case on the basis of any defect *other than lack of subject matter jurisdiction* must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). "[R]emoval statutes are strictly construed against removal." Luther v. Countrywide Home Loans Servicing, LP, 533 F.3d 1031, 1034 (9th Cir. 2008). "The presumption against removal means that the defendant always has the burden of establishing that removal is proper." Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009). As such, any doubts regarding the propriety of the removal favor remanding the case. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

## III. DISCUSSION

### A. TIMELINESS OF MOTION TO REMAND

Defendants contend that Plaintiff waived his right to move for remand because he filed his motion more than thirty days after Defendants filed their Notice of Removal. Defs.' Opp'n at 1, 10. This contention is frivolous. As noted, only challenges to a removal based on a procedural defect are subject to the thirty-day time limitation. 28 U.S.C. § 1447(c). In contrast, an action is subject to remand "at any time" before entry of final judgment if the court lacks subject matter jurisdiction. Id. In this case, Plaintiff contends that the instant action must be remanded on the ground that his claims are not preempted by the LMRA. In other words, Plaintiff's challenge is based on lack of subject matter jurisdiction, not a procedural defect in the removal. See Milne Employees Ass'n v. Sun Carriers, 960 F.2d 1401, 1406 (9th Cir. 1991) ("if a state law claim is completely preempted by a federal statute such as section 301, the state law cause of action necessarily becomes a federal one and can be removed."). The Court thus rejects Defendants' assertion that Plaintiff's motion is untimely.

### B. COMPLETE PREEMPTION UNDER THE LMRA

#### 1. Overview

The federal removal statute provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Id. § 1331. The "arising under" qualification of § 1331 confers district courts with jurisdiction to hear "[o]nly those cases in which a well-pleaded complaint establishes either that [1] federal law creates the cause of action or that [2] the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Armstrong v. N. Mariana Islands, 576 F.3d 950, 954-55 (9th Cir. 2009) (internal quotations omitted). In other words, the federal law must be a "necessary element" of the state law claim. Id.

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987); see Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009). A party's assertion of a federal defense, including the defense of preemption, ordinarily will not justify removal of an action to federal court. Caterpillar, 482 U.S. at 393. Nonetheless, the Supreme Court has recognized an "independent corollary" to this rule known as the "complete preemption doctrine." Id. This doctrine provides that the preemptive force of certain federal statutes is so "extraordinary" that it "'converts an ordinary common-law complaint into one stating a federal claim for the purposes of the well-pleaded complaint rule.'" Id. (quoting Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 65 (1987)). "Once an area of state law has been completely preempted, any claim purportedly based on that preempted state law is considered from its inception, a federal claim, and therefore arises under federal law." Id.

- 4 -

The complete preemption doctrine is most often applied to cases involving § 301 of the LMRA. Id. Section 301 confers jurisdiction in the federal district courts over "[s]uits for violation of contracts between an employer and a labor organization representing employees …." 29 U.S.C. § 185(a). Section 301 reflects the well-established federal policy of applying a uniform body of law to disputes arising out of labor contracts. Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 209-10 (1985). By enacting this statute, Congress specifically intended that actions alleging labor contract violations be brought under § 301 and resolved solely by reference to federal law. Id.

Section 301 ordinarily preempts state law causes of action in two situations. First, it preempts claims which are "founded on rights created by a collective bargaining agreement." Stikes v. Chevron U.S.A., Inc., 914 F.2d 1265, 1268 (9th Cir. 1990). Second, LMRA preemption applies where resolution of the state law cause of action is "substantially dependent" upon an *interpretation* of the agreement. See Allis-Chalmers Corp., 471 U.S. at 220. However, the mere fact that a collective bargaining agreement is somehow implicated in a cause of action does not necessarily mean that claim is preempted. Valles v. Ivy Hill Corp., 410 F.3d 1071, 1076 (9th Cir. 2005). "[N]ot every dispute concerning employment, or tangentially involving a provision of the collective bargaining agreement, is preempted by § 301 or other provisions of federal labor law." Allis-Chalmers Corp., 471 U.S. at 211. Rather, in order for there to be preemption, resolution of the state law claim must require the interpretation of the collective bargaining agreement. Ramirez v. Fox Television Station, Inc., 998 F.2d 743, 748 (9th Cir. 1993). The possibility that a collective bargaining agreement may be referenced in adjudicating a state law claim, by itself, is insufficient to invoke preemption. Detabali v. St. Luke's Hosp., 482 F.3d 1199, 1203 (9th Cir. 2007) ("A reference to or consideration of the terms of a collective bargaining agreement is not the equivalent of interpreting the meaning of the terms.") (internal quotation marks and citation omitted).

### 2. Analysis

Each of Plaintiff's four causes of action is based on violations of California's FEHA, which, inter alia, protects employees from various forms of discrimination in employment, Cal. Gov't Code § 12940(a), and forbids employers from retaliating against employees who have acted to assert protections afforded thereunder, id. § 12940(h). To state a claim for discrimination under FEHA, a plaintiff must allege that: "(1) he was a member of a protected class, (2) he ... was performing competently in the position he held, (3) he suffered an adverse employment action, such as termination, ... and (4) some other circumstance suggests discriminatory motive." Guz v. Bechtel Nat'l Inc., 24 Cal.4th 317, 355 (2000) (citation omitted).[1]

Here, Defendants contend that Plaintiff's first, third and fourth causes of action for race discrimination, retaliation and wrongful discharge in violation of public policy, respectively, "will require interpretation of the CBA on the questions of termination, qualification, performance and Baydelta's legitimate nondiscriminatory reasons." Defs.' Opp'n at 9. More specifically, Defendants argue that since Plaintiff was a Temporary Employee under the CBA, the issue of whether he was "terminated" will require consideration of Rule 6 ("Definition of an Employee") and Rule 7 ("Hiring Procedures") of the CBA. Defs.' Opp'n at 7. Defendants further assert that under Rule 7, Plaintiff was employed on an "as needed basis" and therefore they were not "obligated to call [Plaintiff] for any shift." Id.

Defendants' arguments contravene the settled law of this Circuit. In Ramirez, the employer argued that the plaintiff's claims were preempted by the LMRA because the terms and conditions of her employment were governed by a collective bargaining

---

[1] "[I]n order to establish a prima facie case of retaliation under the FEHA, a plaintiff must show (1) he or she engaged in a 'protected activity,' (2) the employer subjected the employee to an adverse employment action, and (3) a causal link existed between the protected activity and the employer's action." Yanowitz v. L'Oreal USA, Inc., 36 Cal.4th 1028, 1042 (2005). In addition, "FEHA's provisions prohibiting discrimination may provide the policy basis for a claim for wrongful discharge in violation of public policy." Phillips v. St. Mary Regional Medical Center, 96 Cal.App.4th 218, 227 (2002).

agreement.  In rejecting this contention, the court explained that employment discrimination claims based on protections afforded by California law were not preempted, even if the employment relationship were governed by a collective bargaining agreement. Id. at 748.  Indeed, the court noted that "[i]n every case in which we have considered an action brought under the California Employment Act, we have held that it is not preempted by section 301."  Ramirez, 998 F.3d at 748.  Similarly, in Dentabali, the court found "no need to depart from a long line of … cases holding that FEHA employment discrimination claims are not ipso facto preempted by § 301 of the LMRA," and concluded the plaintiff's FEHA discrimination claims were not preempted.  Id. at 1203; see also Paige v. Henry J. Kaiser Co., 826 F.2d 857, 863 (9th Cir. 1987) (holding that claim based on termination in violation of public policy was not preempted by the LMRA).  As in Dentabali and Ramirez—neither of which has been addressed by Defendants—Plaintiff's claims are based on rights emanating from FEHA, not the CBA. The mere fact that the terms and conditions of Plaintiff's employment with Baydelta were subject to the CBA is insufficient to result in the complete preemption under the LMRA of his claims for race discrimination, retaliation and wrongful termination.

For much the same reasons, the Court also finds that Plaintiff's second cause of action under California Gov. Code § 12940(k) for failure to prevent discrimination is not preempted.[2]  To recover under this provision, a plaintiff must show that: (1) he or she was subjected to discrimination, harassment or retaliation; (2) defendant failed to take all reasonable steps to prevent discrimination, harassment or retaliation; and (3) such failure caused plaintiff to suffer injury, damage, loss or harm.  See Lelaind v. City and County of San Francisco, 576 F. Supp. 2d 1079, 1103 (N.D. Cal. 2008) (citing Cal. Civil Jury Instructions (BAJI) 12.11)).

---

[2] Under § 12940(k), "[i]t is an unlawful employment practice … [¶] [f]or an employer … to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring."

1  Defendants argue that the resolution of Plaintiff's claim for failure to prevent
2  discrimination will require the interpretation of Rules 8 and 25 of the CBA.  Rule 8
3  provides, in relevant part, that:  "The Employer … will not unlawfully discriminate against
4  any employee or applicant because of race, creed, sex, color, age, national origin, physical
5  handicap or status as a veteran of the United States or Armed Forces."  Going Decl. Ex. A
6  at 5.  Rule 23 sets forth a grievance procedure for disputes "arising out the interpretation or
7  application of the CBA."  Id. at 14.  According to Defendants, the "reasonableness" of
8  Baydelta's nondiscrimination policies "cannot be made without interpreting the provisions
9  and procedures articulated in Rules 8 and 25."  Defs.' Opp'n at 10.  However, as above,
10 Defendants' ignore that Plaintiff is relying on protections afforded under FEHA—not the
11 CBA.  The fact that a state law and the CBA govern the same conduct does not mandate
12 that an aggrieved employee bring his or her claims under the LMRA.  Galvez v. Kuhn, 933
13 F.2d 773, 781 (9th Cir. 1991) (noting that "the existence of a remedy under the CBA
14 'makes no difference.'") (citations omitted).  Accordingly, the Court finds that Plaintiff's
15 second cause of action for failure to prevent discrimination is not preempted by the LMRA.

### C. ADMIRALTY JURISDICTION

17 Alternatively, Defendants contend that even if Plaintiff's claims are not preempted
18 by § 301 of the LMRA, any claims "relating to a seaman's employment contract are within
19 the Court's admiralty jurisdiction, pursuant to 28 U.S.C § 1331(1).  Defs.' Opp'n at 11.
20 Section 1331(1) provides that:  "The district courts shall have original jurisdiction,
21 exclusive of the courts of the States, of:  [¶] (1) Any civil case of admiralty or maritime
22 jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise
23 entitled."   28 U.S.C. § 1333(1).  The latter clause, known as the "suitors to savings clause,"
24 permits *state courts* to adjudicate "in personam" maritime causes of action in proceedings;
25 i.e., "claims where the defendant is a person, not a ship or some other instrument of
26 navigation."  Ghotra v. Bandila Shipping, Inc., 113 F.3d 1050, 1054 (9th Cir. 1997)
27 (internal quotation marks and citations omitted).

"[A]dmiralty and maritime claims are not removable to federal court unless there exists some independent basis, such as diversity of the parties, for federal jurisdiction." In re Chimenti, 79 F.3d 534, 537 (6th Cir. 1996) (citing cases); see also Ghotra, 113 F.3d at 1054 ("The savings to suitors clause also permits the plaintiff to bring an action 'at law' in the federal district court, *provided the requirements of diversity of citizenship and amount in controversy are met*.") (emphasis added).  Assuming arguendo that Plaintiff's claims are, in fact, cognizable under admiralty law, removal jurisdiction is lacking because there is no diversity between Plaintiff and Defendant Baydelta, who both are alleged to be residents of California.  Compl. ¶¶ 1-2.  Since diversity is lacking, and given Defendants' failure to demonstrate any other independent basis for subject matter jurisdiction, the instant action must be remanded to state court.  See In re Chimenti, 79 F.3d at 540 (granting mandamus relief and directing district court to remand action which was removed from state court on the basis of admiralty jurisdiction where no independent basis for the court's subject matter jurisdiction was presented).

## IV.   CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT Plaintiff's motion to remand is GRANTED. The instant action is REMANDED forthwith to the San Francisco County Superior Court. In accordance with 28 U.S.C. § 1447(c), the Clerk of this Court shall mail a certified copy of this Order to the Clerk of the Superior Court.  The Clerk shall close the file and terminate all pending matters.

IT IS SO ORDERED.

Dated:  April 6, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge